UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

AUG 17 2016



CLERK

| | |
|---|---|
| BRONINA RUSLANA OLEGOVNA,<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A., VTB CAPITAL, IRISH STOCK EXCHANGE, and MINISTRY OF JUSTICE OF UKRAINE,<br><br>Defendants. | 4:16-CV-04114-LLP<br><br>ORDER DISMISSING COMPLAINT |

Plaintiff, Bronina Ruslana Olegovna, filed this pro se lawsuit, alleging that defendants colluded in a scheme to defraud the Ukrainian people of billions of dollars and launder the profits. Docket 1. Olegovna also moves for leave to proceed in forma pauperis. Docket 2. For the reasons below, the Court grants Olegovna's motion for leave to proceed in forma pauperis and dismisses her complaint.

**FACTUAL BACKGROUND**

The complaint alleges a complex scheme of fraud and money laundering in which money is taken from the Ukrainian national budget and funneled, via international banks and corporations, to numerous people and organizations, including defendants. Docket 1. The majority of the complaint concerns actions allegedly taken by Russian and Ukrainian political leaders. *Id.* Olegovna filed similar (if not identical) complaints in two federal courts in New York. *See*

*Olegovna v. Putin*, 16-CV-586 (KAM), 2016 WL 3093893 (E.D.N.Y. June 1, 2016); *Olegovna v. VTB Capital et al*, 16-CV-01705 (LAP). Both of these complaints were dismissed before service.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

**I.     Motion For Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating she is unable to

2

pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

The Court finds that Olegovna has sufficiently demonstrated her need to proceed in forma pauperis. She reports that she has no income and is supported by the minimal financial assistance from her parents. Docket 2 at 1. Therefore, the Court grants her motion for leave to proceed in forma pauperis.

## II. Olegovna's Complaint

When a litigant proceeds in forma pauperis, a Court must dismiss her case if it determines that that action "fails to state a claim on which relief may be granted . . . ." 28 U.S.C.A. § 1915(e)(2)(B)(i), (ii). Olegovna's complaint fails to state a claim because she lacks standing to bring her claims before the Court.

For Article III standing to exist, a plaintiff must have suffered an injury-in-fact as an essential element of standing. Injury-in-fact in the context of standing means an actual or imminent invasion of a concrete and particularized legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "To establish standing, plaintiffs 'must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Phelps–Roper v. City of Manchester*, 697

3

F.3d 678, 687 (8th Cir.2012) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

Olegovna has not alleged an injury to her person or to herself financially. She does not allege that she has suffered any concrete injury as a result of defendants' actions. The financial decisions made by Ukraine as well as defendants do not cause her "personal injury" in the standing context merely because she is a citizen of Ukraine. "[A] plaintiff who seeks to invoke the federal judicial power must assert more than just the 'generalized interest of all citizens in constitutional governance.'" *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974)). Olegovna does not allege injury personal to herself and therefore cannot establish standing. Her case is dismissed with prejudice.

Accordingly, it is ORDERED.

1. Olegovna's motion for leave to proceed in forma pauperis (Docket 2) is granted.
2. Olegovna's complaint (Docket 1) is dismissed with prejudice for lack of subject matter jurisdiction.
3. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma

pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated August 17, 2016.

BY THE COURT:

/s/ Lawrence L. Piersol
LAWRENCE L. PIERSOL
UNITED STATES DISTRICT JUDGE